IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JACSON RORKE | |
|     Petitioner | : |
| | |
|     v. | :    CIVIL ACTION NO. CCB-11-2081 |
| | |
| STATE OF MARYLAND | : |
|     Respondent | |

**MEMORANDUM**

On July 28, 2011, Jacson Rorke submitted a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction and subsequent probation violation. Respondent moves to dismiss the petition on the basis that Rorke has failed to exhaust his claims in state court. ECF No. 5.

**Background**

Rorke's conviction arises out of a domestic dispute.[1] The facts as outlined by the Court of Special Appeals of Maryland follow:

> At the time of appellant's May 14, 2009 trial, appellant and Jessica Rorke, a Pennsylvania resident, had been married for approximately five years but were estranged.
>
> In March 2008, Jessica was granted a final protective order against appellant in York County, Pennsylvania. The protective order prohibited appellant from abusing or contacting Jessica and stated that the exchange of the couple's children for the purpose of visitation would occur at a mini-mall in McShurrystown, Pennsylvania. The couple formally separated about six months later, in September 2008.
>
> On September 14, 2008, appellant asked Jessica to bring their children to his Parents' home in Manchester, Carroll County, Maryland, rather than to the location designated in the protective order because he did not have enough gas in his car to drive to Pennsylvania. Jessica initially declined because, as a result of their turbulent history, she wanted the exchange to take place in a public area. Nevertheless, because she had no babysitter, she changed her mind and agreed to drop the children off in the driveway of appellant's parents' house.

---

[1] Rorke was sentenced on July 8, 2009, to five years incarcerated, all suspended, with five years supervised probation for second-degree assault, and sixty days in prison for violating the protective order. ECF No. 5, Exhibit 1 at 7 and ECF No. 1 at 1.

When Jessica arrived at appellant's parents' home, she unloaded the children's belongings from her van onto the driveway. Appellant, angry and agitated, came out of the house and began yelling at her.

Appellant picked up his three-year-old daughter as Jessica attempted to get back into the van. Appellant then grabbed Jessica by the arm to keep her from opening the door. She managed to open the driver's door, but appellant pulled the door backwards, damaging the door. Once Jessica was able to get into the van, appellant grabbed her arm and attempted to grab her keys to keep her from leaving the driveway.

At that point, appellant's mother, Barbara Rorke, pulled into the driveway and parked her car behind Jessica's van, blocking it in. Barbara removed the couple's daughter from appellant's arms and advised appellant to leave Jessica alone and let her go, but appellant refused. Barbara pushed appellant away from the door of the van at which point Jessica took that opportunity to shut and lock the door. After Barbara moved her car from behind the van, Jessica left the driveway. Jessica denied having any verbal or physical contact with Barbara.

Jessica returned to her home and called the Hanover, Pennsylvania police department to report the incident, but she was advised to contact the Maryland State Police instead. Jessica ultimately filed charges against appellant in Carroll County on September 15, 2008, the day after the incident.

### B. Testimony of Barbara Rorke

The defense called Barbara Rorke, appellant's mother. Barbara denied having seen her son grab Jessica or try to pull her away from the van. She testified that she heard appellant and Jessica arguing about the ownership of a cell phone. When Jessica saw her, Jessica called her "a bitch" and opened the van door, striking Barbara on the arm, which left a large bruise. (footnote omitted).

### C. Testimony of Marvin Rorke

Appellant's father, Marvin Rorke, was inside the house when Jessica arrived. Through his kitchen window, he was appellant and Jessica arguing, which was "normal" for them. He did not see his son try to block Jessica from entering the van, nor did he see appellant grab Jessica's arm or otherwise physically intimidate her. He admitted, however, to turning away from the window for the amount of time it took him to walk through his living room to open the front door for his grandson. When he again looked out the door, he saw Jessica's van door hit his wife on the arm.

**Discussion**

Appellant alleges that the evidence was insufficient to support his conviction of second-degree assault. He stresses that both his parents testified that no assault occurred and that Jessica conceded that she had received no physical injury at the hands of appellant.

> According to appellant, because the evidence was insufficient to prove an assault, it was also insufficient to prove he violated the out-of-state protective order because the only allegation of a violation of the protective order was the assault.
>
> The State counters, first, that appellant did not preserve for appeal the issue of whether the evidence was sufficient to convict and, in any event, even if preserved, the evidence was sufficient to support the convictions. We agree with the State in all respects.

*See* ECF No. 5, Exhibit 2, *Rorke v. State of Maryland*, No. 1152, September Term, 2009 (unreported). The intermediate appellate court affirmed Rorke's judgment of conviction on March 21, 2011. *Id.* Rorke did not seek further review in the Court of Appeals of Maryland. ECF No. 1 at 2.

On September 17, 2009, a petition for violation of probation was filed in the Carroll County Circuit Court. ECF No. 5, Exhibit 1 at 7. While the probation violation was pending, Rorke on April 27, 2010, filed a petition for post-conviction relief that was withdrawn on August 16, 2010. *Id.* at 8-9. On August 4, 2011, Rorke was convicted of violation probation. The probation order was amended to be unsupervised and fees waived. *Id.* at 10.

Rorke claims: (1) his mental health was not considered during his trial or probation revocation proceedings; (2) he was subjected to prosecutorial misconduct; and (3) he was improperly found in violation of his probation for taking a medication (Adderall).[2] ECF No. 1 at 5-15.

**Analysis**

Assuming Rorke has presented cognizable federal questions here, his petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodrieguez*, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. *See Slayton v. Smith*, 404 U.S. 53 (1971).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special

---

[2] Adderall is an amphetamine prescribed to those diagnosed with attention deficient hyperactivity disorder or narcolepsy. http://www.pdrhealth.com/info/v1us/adderall

3

Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *See Williams v. State,* 292 Md. 201, 210-11 (1981).

After exhausting his state court remedies, Rorke may refile his claims in a new § 2254 petition. He is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[3] A properly filed appeal or post-conviction petition will serve to toll or "stop" the running of the one-year

---

[3] This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

limitations period for § 2254 petitions.  Should he intend to refile this petition after his available state court remedies are exhausted, Rorke should take care not to miss this deadline.[4]

**Certificate of Appealability**

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless a petitioner demonstrates both "1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and 2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Rorke fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied and dismissed as unexhausted.  A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

October 21, 2011                     _____/s/_____
Date                                 Catherine C. Blake
                                     United States District Judge

---

[4] Petitioner is reminded that only a properly filed application for state post-conviction review will toll the running of the one-year federal limitations period.  *See* Wall v. Kholi, 562 US_, 131 S. Ct 1278, 1280 (2011).